

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-19-2008

# Zhu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4344

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Zhu v. Atty Gen USA" (2008). *2008 Decisions.* Paper 512.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/512

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4344
_____

ZHAO XIN ZHU,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A78-864-293)
Immigration Judge:  Honorable Henry S. Dogin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 18, 2008

Before: RENDELL, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Filed: September 19, 2008)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Zhao Xin Zhu (a.k.a. Qun Zheng), a native and citizen of China, petitions

for review of a decision of the Bureau of Immigration Appeals (BIA) denying his second

motion to reopen.   For the following reasons, we will deny the petition.

As a minor, Zhu entered the United States at the O'Hare International Airport in Chicago, Illinois, as a nonimmigrant Transit Without Visa on his way to Sao Paolo, Brazil; he stayed beyond the eight-hour period authorized by immigration authorities. He was taken into custody and served with a Notice to Appear (NTA). Zhu appeared before an immigration judge (IJ), admitted the allegations and, thereafter, applied for asylum, withholding of removal and protection under the Convention Against Torture (CAT); the IJ denied all claims. On June 29, 2004, the BIA affirmed; we denied his petition for review.[1]

On January 25, 2006, Zhu filed his first motion to reopen the Board's June 29, 2004 decision, seeking to apply for asylum based on changed country conditions in China. The BIA concluded that his claim of changed circumstances under 8 C.F.R. 1208.13(b)(1)(i)(A) was meritless and denied the motion as untimely. Zhu did not petition for review of that decision.

In 2007, Zhu's mother married his stepfather, a naturalized United States citizen, who filed an I-130 Petition for Alien Relative on his behalf; the U.S. Citizen and Immigration Services approved the petition. Zhu then filed a second motion to reopen with the BIA to adjust his status pursuant to 8 U.S.C. 1229a(7), arguing that his approved I-130 petition constitutes previously unavailable evidence, and that he is able to establish his prima facie eligibility for adjustment of status.

---

[1] See Zheng v. Gonzalez, 417 F.3d 379 (3d. Cir. 2005).

The BIA denied his second motion as untimely and "number-barred," concluding that Zhu did not fall within any of the exceptions. The BIA also pointed out that Zhu's approved I-130 petition did not indicate that he was eligible for adjustment of status: The approval notice reflected a priority date of March 26, 2007, which was not current according to the State Department's Visa Bulletin for November 2007, which indicated a current priority date of December 8, 2001. Through counsel, Zhu now petitions for review of the BIA's decision.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(5). We review the BIA's denial of a motion to reopen for abuse of discretion; and we will reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Filja v. Gonzalez, 447 F.3d 241, 251 (3d Cir. 2006).

Generally, petitioners must file motions to reopen within ninety-days of the date of entry of the final administrative order of removal, see 8 U.S.C. § 1229a(c)(7)(C)(i), and they are generally limited to filing one such motion, see 8 C.F.R. § 1003.2(c)(2). The motion to reopen must state new facts to be proven and must be supported by affidavits or other evidentiary material. See 8 U.S.C. § 1229a(c)(7)(B). Finally, the movant must establish his prima facie eligibility for the underlying relief sought. See I.N.S. v. Abudu, 485 U.S. 94, 104 (1988). A movant is not subject to the time limits under 8 U.S.C. § 1229a(c)(7)(C)(i) if he is seeking to file applications for asylum or withholding of removal based on changed country conditions. The number-

3

bar on motions to reopen is also subject to a number of exceptions. See 8 C.F.R. § 1003.2.

Zhu insists that the BIA's decision was erroneous as a matter of law, given his new status as an immediate relative of a United States citizen and his prima facie eligibility for adjustment of status. However, these arguments do not resolve the problem that his motion to reopen was untimely, having been filed over four years after the BIA affirmed the IJ's original order of removal, and number barred, as it is his second motion. Because none of the statutory exceptions applies, see 8 U.S.C. § 1229a(c)(7)(C) & 8 C.F.R. § 1003.2, we agree that it is untimely and number-barred.

Even assuming that the motion were properly before the BIA, it correctly ruled that the approved I-130 petition does not establish Zhu's eligibility for adjustment of status.[2] Under § 245(a) of the Immigration and Nationality Act, 8 U.S.C. § 1255(a), an alien must have access to an "immediately available" visa in order to be eligible for adjustment of status. See also 8 C.F.R. §1245.1(g)(1). As the beneficiary of an approved I-130 petition filed by a parent who is a citizen, Zhu is subject to the worldwide numerical limitations on the allocation of visas, which are set forth in 8 U.S.C. § 1153(a). Because he is unmarried, he falls within the first-preference category of family-sponsored applicants. Id. According to the State Department's Visa Bulletin for February 2008,

---

[2] 8 U.S.C. 1252(a)(2)(B)(i) does not foreclose judicial review of the BIA's determination that an application was legally ineligible for adjustment. See Pinho v. Gonzalez, 432 F.3d 193, 204 (3d Cir. 2005).

4

visas are currently being allocated to individuals in Zhu's preference category who have been issued priority dates of February 8, 2002 and earlier. The BIA correctly determined that Zhu does not have a currently available visa because his approved I-130 petition reflects a priority date of March 26, 2007. Therefore, we agree that Zhu is <u>prima</u> <u>facie</u> ineligible for adjustment of status.

Because we conclude that the BIA did not abuse its discretion in denying Zhu's second motion to reopen, because its findings were not contrary to law, we will deny his petition for review.[3]

---

[3] To the extent that Zhu's petition for review includes a motion for declaratory and injunctive relief, the motion is denied.